JOURNAL ENTRY AND OPINION
{¶ 1} Petitioner, John Judd, is the defendant in State v.Judd, Cuyahoga County Court of Common Pleas Case No. CR-475870. Judd avers that he is in the custody of respondent, warden of the Cuyahoga County Jail.
 {¶ 2} Attached to the petition is the affidavit of petitioner's counsel, Anthony Kellon. Kellon avers that: Judd appeared in the assigned courtroom on October 16, 2006, for a motion hearing in Case No. CR-475870 as scheduled by the court of common pleas. Kellon informed the judge's bailiff that he/Kellon would be in the courtroom of another common pleas judge. Additionally, the judge and her bailiff inquired whether Judd would enter a plea. Kellon told them that Judd would not enter a plea. That day, the judge ordered that Judd forfeit his bond as well as issued a capias on Judd for failure to appear and Judd was arrested. Judd was also subject to a capias in August 2006 in this same case, when it was assigned to another judge who vacated the capias and reinstated the bond.
 {¶ 3} Judd now contends that his remaining in the custody of respondent warden is unlawful. Judd requests that this court issue a writ of habeas corpus and order that Judd be released from custody. {¶ 4} A review of the docket in Case No. CR-475870 reflects that, in an entry dated October 19, 2006 and journalized on October 23, 2006, the court of common pleas vacated the bond forfeiture, recalled the capias, reinstated the bond and ordered petitioner released "as to this case only." Respondent has filed a motion to dismiss and argues that this action in habeas corpus is moot. We agree.
 {¶ 5} Accordingly, we grant respondent's motion to dismiss the petition in habeas corpus. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 {¶ 6} Petition dismissed.
Dyke, A.J., and Blackmon, J., concur.